UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANA GUERRERO,

    Plaintiff,

vs.                                          Case No. 1:19c-v-22228

TOWER EIGHT STAFFING SOLUTIONS, INC.
d/b/a LABOR FOR HIRE a Florida Profit Corporation,
and VERNON C. VOKUS, individually
MIRTO VIGOA, individually

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, TOWER EIGHT STAFFING SOLUTIONS, INC. d/b/a LABOR FOR HIRE, VERNON C. VOKUS and MIRTO VIGOA ("Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby give notice of removal of that certain civil action styled, ANA GUERRERO, ("Plaintiff") v. TOWER EIGHT STAFFING SOLUTIONS, INC. d/b/a LABOR FOR HIRE, a Florida Profit Corporation, and VERNON C. VOKUS, individually MIRTO VIGOA, individually; inclusive, Case No. 2019-013257-CA-01, in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida, Miami Division because there are federal questions at issue.  As grounds for removal of this action, Defendants state as follows:

**THE REMOVED CASE**

1.      Plaintiff filed her five-count Complaint on May 3, 2019. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., by failing to pay her overtime wages.  She also alleges that Tower Eight Staffing Solutions, Inc. d/b/a Labor For Hire ("LFH") violated the Equal Pay Act of 1963, 29 U.S.C. § 206, et. seq.  Removal of this action is proper under 28 U.S.C. § 1441(a), in that it is a civil action that involves a claim arising under the laws of the United States and the Court may exercise supplemental jurisdiction over the remaining claims.  Defendants have not pled, answered, or otherwise appeared in the State Court Action.  Defendants hereby reserve all defenses.

2.      In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give notice of this removal to Plaintiff and file a copy of said notice with the Clerk of the Court in the State Court Action.

**THE REMOVAL IS TIMELY**

3.      Plaintiff commenced the State Court Action on May 3, 2019.  Defendants LFH and Vigoa were served with a copy of the complaint and initial process in the State Court Action on May 13, 2019.  The undersigned accepted service on Defendant Vokus on May 30, 2019.  Accordingly, this Notice of Removal is timely filed.  *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."); citing Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999)(notice of removal is timely under 28 U.S.C. § 1445(b) if filed within 30 days after service of the complaint).

## FILING OF REMOVAL PAPERS

4.      In accordance with 28 U.S.C. § 1446(a), attached hereto as **Attachment 1** is the Federal Civil Cover Sheet and **Attachment 2** are copies of all process, pleadings, orders, and other papers or exhibits filed in this action with the state court. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on Plaintiff's counsel. A Notice of Filing Notice of Removal from State Court to United States District Court is being simultaneously filed with the Clerk of the Eleventh Circuit Court in and for Miami-Dade County, Florida. A true and correct copy of this Notice of Filing Notice of Removal from State Court to United States District Court is attached hereto as **Exhibit A**.

## THE VENUE REQUIREMENT IS MET

5.      Venue of this removal is proper in the Southern District of Florida, Miami Division, under 28 U.S.C. § 1441(a) because the Southern District of Florida embraces the place where the State Court Action was filed, the Eleventh Circuit Court in and for Miami-Dade County, Florida.

## FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

6. This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been originally filed in this Court pursuant to federal question jurisdiction conferred by 28 U.S.C. § 1331. Specifically, jurisdiction under 28 U.S.C. § 1331 exists because a federal question appears "on the face of the plaintiff's properly pleaded complaint." See Caterpillar, Inc. v. William, 482 U.S. 3896, 392 (1987). In this case, Plaintiff's alleges in Count I-III of the Complaint that Defendants violated the FLSA by failing to pay overtime compensation. (See Complaint, paragraphs 1, 4-6, 14-23, 33-57). In addition, Plaintiff alleges that LFH violated the Equal Pay Act by paying her less than similarly situated male employees. (See Complaint paragraphs 1, 24-32, 58-63).

7. Plaintiff also asserts a state law claim for violation of the Florida Civil Rights Act ("State Law Claim") premised on the alleged conduct on which she bases her Equal Pay Act claim. This Court may exercise supplemental jurisdiction over the State Law Claim because it is "so related to that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## CONCLUSION

Removal is appropriate under 28 U.S.C. § 1441 and this notice of removal was timely filed within thirty (30) days after service of the Complaint. Accordingly, this action, currently pending in the Eleventh Circuit Court in and for Miami-Dade County, Florida, should be removed to the United States District Court for the Southern District of

Florida, Miami Division, and this Court should assume full jurisdiction of the case as provided by law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal has been served by e-mail on May 31, 2019 to: Peter M. Hoogerwoerd, Esquire, (pmh@rgpattorneys.com), Nathaly Saavedra, Esquire (ns@rgpattorneys.com), and Carlos D. Serrano, Esquire, (cs@rgpattorneys.com), Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, FL 33130.

      /s/ Richard M. Hanchett
RICHARD M. HANCHETT
Florida Bar No. 0709212
rhanchett@trenam.com
achrisman@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida  33602-5150
Telephone: (813) 223-7474
Facsimile: (813) 229-6553
Attorneys for Defendants