**TERMS OF ENGAGEMENT:**

1. I, the undersigned, do hereby retain and employ the Attorneys of REMER & GEORGES-PIERRE, PLLC as my attorneys to represent me in the above detailed matter. As compensation for legal services, I, CLIENT hereby agree to pay REMER & GEORGES-PIERRE, PLLC an amount based upon the gross amount of money which the firm recovers for me in accordance with the guidelines and limits established by the Supreme Court of the State of Florida, with regard to cases of this type. CLIENT agrees to pay ATTORNEY a fee contingent upon the outcome of the matter. If a recovery is made in this matter on the CLIENT'S behalf, CLIENT agrees to pay ATTORNEY as compensation for services rendered a sum based upon the following:

If settled before the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action:

   a. Thirty-three and one-third percent (33 1/3%) of any recovery up to $ 1 million; plus
   b. Thirty percent (30%) of any recovery between $ 1-2 million; plus
   c. Twenty percent (20%) of any recovery in excess of $ 2 million;

If a settlement is achieved or recovery is obtained after the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment:

   a. Forty percent (40%) of any recovery up to $1 million; plus
   b. Thirty percent (30%) of any recovery between $ 1-2 million; plus
   c. Twenty percent (20%) of any recovery in excess of $ 2 million;

If an action is required for collection, execution or garnishment after a judgment, an additional five (5%) percent of any gross recovery will be charged as the fee for handling that action.

If CLIENT retains the Firm's services for matters under Florida Statute Chapter 440 – Workers' Compensation, except for matters regarding wrongful termination and/or retaliation that stems from a work-related injury under Florida Statute 440.205, CLIENT agrees to pay ATTORNEY as compensation for services rendered a sum as detailed herein under Paragraph 32 and not Paragraph 1.

2. Future or Structured settlements: In cases where CLIENT is to receive a recovery which will be paid to CLIENT on a future structured or periodic basis, the contingent fee percentage shall only be calculated on the cost of the structured verdict or settlement, or, if the cost is unknown, on the present money value of the structured verdict or settlement, whichever is less. If the damages and the fee are to be paid out over the long term future schedule, then this limitation does not apply and the contingent fee percentage shall be based on the total future value of the recovery.

3. Statutory attorneys' fees limitations: Certain claims against governmental entities may have limits on attorneys' fees. In all cases the attorneys' fees will be the maximum amount permitted under the law or by the Courts.

4. First Party Insurance Disputes: REMER & GEORGES-PIERRE, PLLC, is hereby authorized and agrees to represent the client against its own insurance carrier for any insurance disputes or denials which are related to the underlying action. In these instances only, the firm shall limit its recovery to any Court awarded or negotiated fee.

5. In the event it is determined there should be an award of attorney's fee from any state or federal statute, third party or other responsible party, my attorneys will be compensated with the contingent fee schedule set forth above, or the amount awarded by the Court, whichever is greater. Any fees awarded by the Court shall be credited against the sums due from CLIENT. Any excess awarded by the Court would be provided to the ATTORNEY. It is understood and agreed that the attorney's hourly rate for determination of a Court awarded fee or attorneys' fee lien is $400 per hour. CLIENT acknowledges that undersigned Counsel charges $400 per hour for all time spent on this matter and that this hourly rate will be submitted to the Court for purposes of calculating attorney fee entitlement.

6. In the event a party responsible to pay CLIENT's claim for damages is a governmental agency, CLIENT understands that federal and state laws may limit the amount of attorney's fees. In that event, CLIENT understands that the attorney's fees owed shall be the amount provided by law.

7. If there is no recovery, there shall be no fees owed by the CLIENT to ATTORNEY for representation in this matter nor will the CLIENT be responsible for any other fees except as hereinafter provided.

8. CLIENT agrees to pay for the costs of investigation and evaluation, and should it be necessary to institute suit, to pay for court costs and associated costs of the litigation. It is understood and agreed that these costs are in addition to any attorneys' fees that may be owed at the conclusion of the case. CLIENT agrees to reimburse REMER & GEORGES-PIERRE, PLLC for these costs from CLIENT's net recovery at the conclusion of the case or termination of cause of action. Attorneys are authorized to incur on behalf of CLIENT such costs and expenses as are, in the Attorneys' sole opinion, reasonably necessary to prosecute CLIENT's Claims. CLIENT understands and agrees that the payment of such costs and expenses are solely CLIENT's obligation. ATTORNEY may require CLIENT to provide ATTORNEY with a cost deposit to pay for the costs and expenses which the ATTORNEY believes may be necessary for the investigation of the CLIENT'S claims and in furtherance of the representation. ATTORNEY may, however, in his discretion advance all or part of the costs and expenses. The law firm is authorized to pay or incur liability/costs for all expenses it deems necessary for the prosecution of the client's case. The client will pay for all liability and/or costs and expenses incurred. "COSTS" shall include, but not be limited to, expenditures for filing fees, subpoenas, deposition, witness fees, investigation, expert witness fees, fees for medical records and reports, photographs, photocopying and long distance telephone calls, travel, parking and all disbursements which the Firm deems is necessary for proper performance of the legal services to assist in the preparation and trial of client's case. All such expenses shall be the obligation of the CLIENT. It has been explained to the client, and the client understands, that "COSTS" are separate from attorney's fees. Although there is no responsibility on the part of the client to pay attorney's fees if there is no recovery, the same is not true for costs. In all instances where costs and expenses have been advanced by ATTORNEY, the sums which have been advanced shall be deducted from the proceeds of settlement or judgment after the fee has been calculated and shall be reimbursed to ATTORNEY before any amount recovered is disbursed to CLIENT. These costs and expenses may include, but shall not be limited to, investigative fees and other costs. If CLIENT discharges ATTORNEY prior to the conclusion of the representation, CLIENT will immediately pay the ATTORNEY costs and expenses advanced by ATTORNEY. The Firm may use any monies held in Trust under this contract to pay any costs incurred on my behalf. In addition to any other lien contemplated hereunder, the law firm is given a lien on the claim or cause of action, on the sum recovered by way of settlement, and on any judgment that may be advanced on my behalf for costs in connection with the cause of action. I agree that my attorney shall have a lien on all of my documents, for the payment of all sums due under this agreement, and upon property or funds received by me by settlement, judgment, or otherwise, or which was an issue in litigation between the parties. If the law firm uses the services of an attorney to enforce the terms of this agreement, I agree to pay, in addition to all other sums due, a reasonable attorney's fee for said enforcement.

9. It is agreed that payment of the attorney's fee shall be based upon the total sum recovered, including punitive damages, whether by settlement or judgment and shall be payable to attorney in a lump sum when the recovery proceeds are received. In case where CLIENT receives a recovery that will be paid to CLIENT on a future structured or periodic bases, the contingency fee percentage shall only be calculated on the cost of the structured verdict of settlement, or if the cost is unknown, on the present money value of the structured verdict or settlement, whichever is less. If the damages and the fees be paid out over the long term figure schedule, then this limitation does not apply.

10. CLIENT authorizes ATTORNEY to deduct from the proceeds of any recovery the applicable attorney's fee, in accordance with the terms set forth above, together with any other fees, costs, and expenses for which the CLIENT is responsible and which remain unpaid at the time the recovery proceeds are received.

11. CLIENT acknowledges that ATTORNEY has made no promises or guarantees to CLIENT as to the outcome of the case or determination of any claim except that ATTORNEY has promised to render his best professional skill in furtherance of the representation. Any and all statements relating to outcome, from time to time, are based solely upon facts known to ATTORNEYS at that time and are not intended as, nor should they be construed as, any such promise or guarantee. ATTORNEY agrees to make no compromise or settlement in this matter without the approval of the CLIENT. ATTORNEY agrees to notify CLIENT whenever an offer of settlement is received by ATTORNEY, to inform CLIENT of the amount of that offer, and recommendation of the ATTORNEY as to its acceptability.

12. ATTORNEY may withdraw from further representation of CLIENT pursuant to this agreement upon written notice by the ATTORNEY that the legal or factual bases of the claim is such that it is not advisable to proceed with the representation or if the CLIENT rejects a settlement proposal which is affirmatively recommended by the ATTORNEY.

---

**Attorney-CLIENT agreement for representation. This page has been read, understood, accepted, approved, and CLIENT gives informed consent as acknowledged by signature on page three (3) of this retainer agreement.**

REMER & GEORGES-PIERRE PLLC
ATTORNEYS AT LAW

rev. May 2017

13. This contract may be cancelled by written notification to the attorney at any time within three (3) business days of the date the contract was signed, as shown below, and if cancelled within three business days of the date the contract was signed, the CLIENT shall not be obligated to pay any fees to the ATTORNEY for the work performed during that time. If the attorney(s) advanced funds to others in representation of the CLIENT, the ATTORNEY is entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the client.

14. If the CLIENT should elect to terminate this agreement after three (3) business days, the CLIENT shall immediately pay all costs and expenses incurred by the ATTORNEY and will be liable to ATTORNEY for the reasonable value of the services performed by ATTORNEY which will be payable to ATTORNEY at the time that any recovery proceeds are disbursed to CLIENT.

15. Upon completion of the matter to which this specific representation applies, or upon earlier termination of our relationship, the attorney-client relationship will end unless we have expressly agreed to a continuation with respect to other matters. We hope, of course, that such a continuation will be the case. The representation is terminable at will by either of us. The termination of the representation will not terminate your obligation to pay fees and expenses incurred prior to the termination.

16. At any time, if the ATTORNEY determines that it is not feasible to prosecute such claim and/or continue with such representation of CLIENT, upon court order, ATTORNEY may withdraw from my/our representation. You may discharge the Firm at any time for any or no cause. You must do so in writing. The Firm may withdraw with your consent, or for good cause. Good cause could be your breach of the terms of this engagement or a circumstance rendering the Firm's continued representation of you unethical or unlawful. When The Firm's services conclude, all unpaid balances will immediately become due and payable. You agree, understand, and acknowledge the Firm will have no obligation to surrender any file materials to you or subsequent counsel until all fees and costs through the date of termination have been paid in full. The Firm shall have the immediate and unconditional right to withdraw from further representation in this matter if: (a) you fail to pay any invoice within thirty (30) days of receipt; or (b) fail to fully and promptly respond to any communication from the Firm or to provide any documentation or supporting materials or to comply with legal process; or (c) demand the Firm, on your behalf, take any frivolous or untenable position or action that may result in economic jeopardy to you or The Firm or might impair the reputation of the Firm or its members; (d)client fails to be available as necessary for preparation, conferences, depositions, hearings or other court proceedings, the attorney/Firm may withdraw from representation with leave of court.

17. I further agree that the law firm shall have the right to withdraw from my case: (a)if I have misrepresented or failed to disclose material facts to the firm; and (c)if I fail to follow the Firm's advice. In any of the foregoing events, I agree to execute any such documents permitting the firm to withdraw. Pursuant to §57.105 of the Florida Statutes, you acknowledge the Firm shall withdraw and consider it a breach of this engagement when at any point you represent facts or events to the Firm before or during representation, or at Trial, and Firm discovers that:

 a. the claim was not supported by the material facts necessary to establish the claim or defense; or
 b. the claim or defense would not be supported by the application of then existing law to those facts.

You agree, understand, and acknowledge these actions as violations of §57.105 of the Florida Statutes subjecting you, and the Firm (if Firm were to pursue the matter based on the violation hereto) to Attorney's fees and sanctions for raising: unsupported claims or defenses; service of motions; damages or actions for the purpose of delaying litigation. Federal Statutes and Law provide similar, yet stricter sanctions provisions such as those found in Rule 11 of the Federal Rules of Civil Procedure, amongst many others. Accordingly, we would withdraw, should you continue to pursue or ask us to pursue a position in violation of the Law. The Attorneys of this Firm are officers of the court and are bound by the rules regulating The Florida Bar. The CLIENT acknowledges and understands that while the attorney/Firm accepts this employment and promises to render professional legal services to the best of its ability during the continuation of this employment, that the attorney makes no warranties, representations or guarantees regarding the favorable outcome, result or successful termination of the representation. The CLIENT agrees to fully cooperate with the attorney; to do nothing which would compromise the attorney's professional ethics; and not to request or require the attorney to do anything in violation of the Rules of Professional conduct.

18. You agree and understand you grant the Firm a Power of Attorney to execute all documents on your behalf connected with the matters or causes of action covered by this engagement. You authorize the Firm to receive on your behalf, any and all funds due to you on the matters covered by this engagement, and to deposit such sums in the Firm Trust Account. At its discretion, the Firm may collect any and all fees and outstanding from any such funds held on your behalf. The CLIENT has made appointed hereby expressly grants power of attorney to REMER & GEORGES-PIERRE, PLLC to endorse any settlement agreements and relevant court documents and sign any checks in the client's name into a trust account and transmit payment directly to and all medical providers who have rendered services to the CLIENT(s). CLIENT authorizes the undersigned attorneys to deduct from the gross proceeds of any recovery/settlement, judgement or otherwise, all attorney's fees, and expenses further authorizes said ATTORNEY to pay all expenses and liens from the client's of the recovery. Any unpaid bills or liens, including those from doctors, medical providers, or other attorneys, remain the client's obligations. CLIENT appoints REMER GEORGES-PIERRE, PLLC to be true and lawful attorney for him/her and in his/her place and stead giving and granting to ATTORNEY, general, full and unlimited power authority to do and perform all and every act and thing whatsoever requisite necessary be done in this cause of action as fully, to all intents and purposes as could be done personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney shall lawfully do or cause to be done by virtue hereof.

19. You grant The Firm a lien on any and all claims or causes of action, which are the subjects of representation under this engagement. The Firm's claim will be for all sums owed at the conclusion of services provided under this engagement. The Firm's claim will attach to any recovery you may obtain, be it through arbitration, judgment, settlement or otherwise. Also, you grant the Firm a lien on all documents or files developed and obtained by the Firm in your representation, in the event you do not, or refuse to bills due to the Firm. The Firm shall promptly release all files and documents payment of all outstanding bills. In the event you fail to pay fees as agreed specifically consent to the imposition of a lien on all real and personal property owned you individually or jointly with others, to secure sums owed to us. This means all of property is subject to this lien securing payment of legal fees, interest, and court until they are paid in full. Also, at our option, we will place a Retaining Lien on related to your matter, until full and complete payment of all outstanding invoices. this agreement creates a lien, it may be recorded with the Clerk of the Court proceedings; and, may also be recorded with the Clerk of any court, for the purpose guaranteeing payment of the legal fees, interest and costs. By executing document, you authorize the Firm to attach to it the legal description of any and all of real property and the appropriate description of your personal property and understand that said description will become part of this lien. This lien will be released as soon as legal fees, interest and costs owed to us have been paid in full.

20. In the unlikely event that any controversy or claim concerning Firm's fees should arise that is not resolved by mutual agreement, such controversy or claim shall be settled by arbitration before one neutral arbitrator who shall be selected by the American Arbitration Association (the "AAA") pursuant to its Commercial Arbitration Rules then in effect (the "Rules"), and shall proceed under the Expedited Procedures of the Rules irrespective of the amount of fees in dispute. All other controversies or claims arising among the parties hereto out of this Agreement or the parties' relationship (other than controversies or claims relating to Firm's fees) including, without limitation, claims negligence, malpractice or wrongdoing, shall be settled by arbitration before a panel three (3) arbitrators, one (1) arbitrator selected by the claimant and one (1) arbitrator selected by the respondent, both of whom shall, within ten (10) days after appointment select a third, neutral arbitrator who shall be a member in good standing of the Florida Bar. All arbitration proceedings hereunder shall take place in Miami, Florida and shall administered by the AAA pursuant to the Rules. The parties shall be entitled depositions only of each party, or its designated representative, and of witnesses as to whom good cause can be shown in support of deposing. All activities shall be completed within 90 days after the initial meeting with the arbitrator and all issues regarding compliance with discovery requests shall be decided by arbitrator (if only one is appointed) or the Chair of the panel (if three are appointed) except as may be enlarged for good cause. The arbitrator(s) will have no authority award punitive or other damages not measured by the prevailing party's actual damages and may not, in any event, make any ruling, finding, or award that does not conform to the terms, conditions or limitations of this Agreement. Neither party nor the arbitrators may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties, except as may be required by law or rule, as required to obtain testimony of witnesses or production of evidence and exhibits, or otherwise to the extent necessary to confirm or enforce the award (and in the event of such court proceeding, the parties hereby stipulate that any Award and related documents be filed under seal and kept confidential). The arbitrators shall award to the prevailing party if any, as determined by the arbitrators, all of its costs and fees. "Costs and fees" mean reasonable pre-award expenses relating to the arbitration, including arbitrators' fees administrative fees, travel expenses, out-of-pocket costs such as copying, exhibits and telephone, witness fees, and attorneys' fees.

REMER & GEORGES-PIERRE PLLC
ATTORNEYS AT LAW

**Attorney-CLIENT agreement for representation. This page has been read, understood, accepted, approved, and CLIENT gives informed consent as acknowledged by signature on page three (3) of this retainer agreement.**

rev. May 2018

21. This Agreement has been fully explained to CLIENT(s). The CLIENT has/have read and fully understand(s) this Agreement herein.

22. Further, the undersigned CLIENT(s) has/have before signing this contract, received and read the STATEMENT OF CLIENT'S RIGHTS, and understand(s) each of the rights set forth therein. The undersign CLIENT has/have signed the statement and received a signed copy to keep to refer to while being represented by the undersigned attorney(s).

23. If at any time it becomes necessary to enforce the contractual provisions, the undersigned CLIENT agree(s) to pay costs and attorney's fee and interest for prosecution of said suit.

24. Attorneys may, in their sole discretion and at their sole expense, employ associate and/or of counsel. If attorney enters into any fee division agreement as a result of such consultation, client will be advised.

25. Additional Services. This Agreement encompasses legal services to be rendered at the trial level and is exclusive of the preparation of post-trial briefs or services related to an appeal. If taking or responding to an appeal from a decision at that level or the performing of any other services is deemed advisable or appropriate by Attorneys and CLIENT, an additional agreement respecting such services will be required.

26. Keeping Informed. CLIENT shall deliver to Attorneys all documents and information relevant to CLIENT's Claim in her possession or under her control, and shall keep Attorney informed as to the status, change and progress of: all employment, employment applications and job searches; matters affecting her damages and injuries and proof of the underlying Claim; and CLIENT's address and telephone number(s). CLIENT agrees that no information concerning this matter will be given to anyone other than to Attorneys and any associate counsel employed by Attorneys. Attorneys shall advise CLIENT of any material change in the status of his Claims.

27. If the CLIENT is someone other than the person to be represented in fact then the CLIENT acknowledges and accepts his/her financial obligation incurred herein and further understands that the attorney will take all legal steps necessary to protect the interest of the person to be represented in fact.

28. Statement of facts and circumstances: The facts and circumstances related by me to REMER & GEORGES-PIERRE, PLLC concerning my claim and/or case are true and correct to my knowledge. REMER & GEORGES-PIERRE, PLLC does not make any guarantees regarding the successful termination of client's claims or cause of action, but REMER & GEORGES-PIERRE, PLLC will use its effort in attaining the successful completion of this matter.

29. These Terms of Engagement set forth the entire understanding between you and our Firm regarding the scope of this particular engagement. Any changes, including any change or expansion in the scope of the engagement must be evidenced by a written agreement expressly modifying this document signed by both parties.

30. This agreement is governed by Florida law, without regard to Florida's conflict of law principles, and shall be deemed made in Miami-Dade County, Florida on the date set forth in the cover Engagement Letter.

31. CLIENT acknowledges that Firm does not retain any of the CLIENT's original documents and that all documents within the file are property of this law firm and not of the CLIENT. As such, any request for a copy of the file must be requested in writing and accompanied with a money order or cashier's check in the sum of Four Hundred and Eighty Dollars made payable to Remer & Georges-Pierre, PLLC.

32. CLIENT acknowledges that, in addition to the above agreed to terms and conditions of representation, the terms and conditions set forth in this paragraph specifically and solely apply to claims under Florida Statute Chapter 440 – Workers' Compensation, except for claims of wrongful termination and/or retaliation under Florida Statute 440.205:

I request that my employer and its carrier or servicing agent make all payments of workers' compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at the attorney's address. I authorize my attorney to retain in trust from my indemnity benefits to secure payment of my attorney's fees and costs:

   a. 20% of the first $5,000.00 of all benefits secured;
   b. 15% of the next $5,000.00 of all benefits secured;
   c. 10% of all benefits secured thereafter until 10 years after filing of a petition/claim
   d. 5% of all benefits secured after expiration of the 10 year term;

In the event additional benefits are requested, I agree to my attorney receiving a separate fee for said benefits, depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty, or complexity of my case, and the amount ultimately paid or awarded. The Judge of Compensation Claims will make the final determination as to the amount and my attorney's entitlement to an attorney fee.

To the extent the money held in trust exceeds my attorney's fees and costs, or if a part of my attorney's fees and costs are paid by my employer and its carrier or servicing agent, the balance held in trust will be returned to me.

Under some circumstances, employer and its carrier or servicing agent may be held liable to pay all or part of my attorney's fees and costs. Those circumstances are when:

   a. My employer or its carrier has denied that I had an on the job accident or injury
   b. My employer or its carrier has refused to provide me with medical care and was at that time entitled to any other benefits;
   c. My employer or its carrier files a Notice of Denial with the Division of Workers' Compensation for the benefits claimed.

I understand that the recovery of attorney's fees and costs in addition to my benefits may require a separate proceeding which I may incur additional costs and attorney's fees if my employer or its carrier is required to pay my attorney's fee for benefits my obtains for me. I will not be obligated to pay an additional fee for obtaining that benefit.

Costs: I agree to reimburse my attorney for all costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and its carrier or servicing agent regardless of the outcome of my claim. My attorney may use any monies held in trust under this contract to pay any costs incurred on my behalf.

33. Client hereby agrees to allow the attorney to file any and all claims in State court under State law and waives any right to file the same claim in Federal court for the same and/or similar state court claim. As such, Client agrees to move forward with a potential Title VII or federal discrimination claim solely under the Florida Civil Rights Act and agrees not to file any federal claim and instructs his/or attorney not to file a federal claim. Client agrees to allow his/her attorney to litigate the potential claim in state court instead of federal court.

34. I agree and authorize the firm to destroy my file after the case is closed by the firm. I agree and understand that I will keep all original documents or evidence and I agree to have the firm destroy all documents or evidence in my file after the close of my case. I understand the firm will destroy my file and authorize the destruction of my file after the file is closed by the firm.

**Your agreement to this engagement constitutes your acceptance of the foregoing terms and conditions. If any of them is unacceptable to you, please advise us now so that we can resolve any differences and proceed with a clear, complete, and consistent understanding of our relationship. You acknowledge and agree that a copy of this ATTORNEY-CLIENT RETAINER / CONTINGENCY FEE AGREEMENT shall be treated as and constitute an original.**

**All payments are deemed earned when paid.**

THE ABOVE EMPLOYMENT IS HEREBY ACCEPTED UPON THE TERMS STATED HEREIN. THIS ATTORNEY-CLIENT RETAINER/CONTINGENCY FEE AGREEMENT DATED

this _____ day of _____, 20____.

Print CLIENT Name: _____

Address: _____

**CLIENT SIGNATURE**

**ATTORNEY SIGNATURE**

REMER & GEORGES-PIERRE PLLC
ATTORNEYS AT LAW

Attorney-CLIENT agreement for representation. This page has been read, understood, accepted, approved, and CLIENT gives informed consent as acknowledged by signature on page three (3) of this retainer agreement.

rev. May 2017

**STATEMENT OF CLIENT'S RIGHTS**

Before you, the prospective client, arrange a contingency fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights.

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingency fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. But if your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering the necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for the work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about specific training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interest and is legally responsible for the acts of other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you might have to pay to your lawyer for costs and the liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign the closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar call (800) 342-8060, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve the disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating the Florida Bar) be included in your fee contract.

Dated this _____ day of _____, 20____

_____
**CLIENT SIGNATURE**

_____
**ATTORNEY SIGNATURE**